## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| Terry Bell, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| VS. | ) Case No.: |
| | ) |
| | ) |
| Cooley Transport, LLC, | ) |
| | ) |
| SERVE: | ) |
| United States Corp Agent | ) |
| 500 N. Michigan Ave | ) |
| Suite 600 | ) |
| Chicago, IL 60611 | ) |
| | ) |
| And | ) |
| | ) |
| Gary Davis | ) |
| | ) |
| SERVE: | ) |
| 622 W. Grant Street | ) |
| Pittsfield, IL 62363 | ) |
| | ) |
| And | ) |
| | ) |
| Convoy Load, | ) |
| | ) |
| SERVE: | ) |
| 1501 4th Ave, Suite 1500 | ) |
| Seattle, WA 98101 | ) |
| | ) |
| And | ) |
| | ) |
| Anheuser Busch | ) |
| | ) |
| SERVE: | ) |
| CT Corporation System | ) |
| 120 South Central Ave | ) |
| Clayton, MO 63105 | ) |
| **Defendants.** | ) |

## FIRST AMENDED PETITION

**COMES NOW** Plaintiff, Terry Bell, by and through attorneys, The Bradley Law Firm and for this First Amended Petition against Defendant Gary Davis, Convoy Load, Anheuser Busch and Cooley Transport, LLC. states as follows to the Court:

## GENERAL ALLEGATIONS

1.      Plaintiff, Terry Bell, is and was at all relevant times herein a resident of the County of St. Louis in the State of Missouri.

2.      At all relevant times mentioned herein, Defendant Cooley Transport, LLC (hereinafter referred to as "Defendant Cooley") was a limited liability corporation in the state of Illinois.

3.      At all relevant times mentioned herein, upon information and belief, Defendant, Gary Davis, (hereinafter referred to as "Driver") was a resident of the State of Illinois and was employed by Defendant Employer and was acting on its behalf with its express consent.

4.      At all relevant times mentioned herein, Defendant Convoy Load (hereinafter referred to as "Defendant Convoy") was a foreign profit corporation in the State of Washington.

5.      At all relevant times mentioned herein, Defendant Anheuser Busch (hereinafter referred to as "Defendant AB") was a limited liability corporation in the state of Missouri.

6.      Both Defendants Cooley, Convoy and AB and Driver are subject to service as nonresident motorists pursuant to Missouri Supreme Court Rule 54.08. Plaintiff requests the Missouri Director of Revenue issue service upon defendant Driver at his last known addresses listed within the caption.

7.　　On April 28, 2018, Defendant Driver was operating a tractor attached to a box trailer, under the authority of Department of Transportation, owned by Defendant Cooley, on an open and public roadway within the course and scope of his employment with Cooley, Convoy and AB when he caused a collision with the Plaintiff's vehicle.

8.　　At the time of this crash and at all times herein mentioned, Defendant Cooley was a private motor carrier as defined by the Federal Motor Carrier Safety Regulations and subject to said rules and regulations.

9.　　At the time of this crash and at all times herein mentioned, Defendants Cooley, Convoy and AB and Driver were required to operate the truck and trailer combination herein in conformance and full compliance with the Federal Motor Carrier Safety Regulations contained and set forth in Title 49, Code of Federal Regulations, and the sections thereof set forth herein.

10.　　At the time of this crash and at all times herein mentioned, Defendants Driver and Cooley, Convoy and AB were required to operate the tractor and trailer(s) identified herein in conformance and full compliance with the Federal Motor Carrier Safety Regulations set forth in Title 49, Code of Federal Regulations, and the sections thereof set forth herein if Defendant was transporting regulated freight interstate and if transporting intrastate, the Motor Carrier Regulations codified by the State of Missouri and at all times Missouri's traffic laws.

## COUNT I- NEGLIGENCE
### Plaintiff v. Driver

11.　　Plaintiff realleges and incorporates paragraphs 1-10 as if fully set forth herein.

12.　　Defendant Driver at all relevant times herein owed Plaintiff a duty to

3

operate the tractor - trailer combination with the highest degree of care.

13. At the time of this crash and at all times herein mentioned, Defendant Driver failed to operate the tractor - trailer combination with the highest degree of care as required under Missouri law and he was therefore negligent in the following respects:

    a. Failed to keep a proper lookout;

    b. Drove at an excessive speed;

    c. Failed to signal an intention to turn;

    d. Failed to yield the right-of-way;

    e. By using the highest degree of care could have known that there was a reasonable likelihood of collision in time to have stopped, swerved, slackened speed or sounded a warning;

    f. Operated the tractor trailer without the necessary training and experience so as to be a danger to others;

    g. Failed to keep the tractor-trailer combination under proper control;

    h. Failed to obey the rules of the road requiring him to keep the tractor trailer combination within a single lane of travel;

    i. Failed to observe the rules of the road governing the movements of vehicles on the highways in the State of Missouri;

    j. Operated the tractor-trailer combination when it was likely to cause an accident in violation of 49 CFR 396.7;

    k. Operated the tractor-trailer combination without the necessary training, knowledge and/or experience so as to make him a danger to others as imposed upon him by 49 CFR 383.110, including safe vehicle operation, poor vision, the effects of fatigue, general health of the commercial motor vehicle, visual search, night operation, vehicle inspections, basic vehicle control, safe operation skills, and pre-trip inspection skills;

    l. Failed to have the tractor-trailer combination under proper control;

    m. Operated the tractor-trailer combination while tired and/or fatigued in violation of 49 CFR 392.3;

n.      Upon information and belief, operated the tractor-trailer combination while under the influence of drugs that impaired his driving ability and adversely affected his ability to safely operate a commercial motor vehicle in violation of 49 CFR 382.213;

o.      Operated the Tractor-trailer combination without verifying the same was road worthy and in good mechanical condition;

p.      Allowed the Tractor to collide with the vehicle operated by Plaintiff in violation of Missouri law, which afford Plaintiff to a presumption of negligence under the rear end collision doctrine; and

q.      Drove the tractor-trailer combination at a speed which made it impossible for him to stop within the range of his visibility.

14.     That Defendant's negligence in the operation of his tractor trailer combination in the respects listed above caused or contributed to cause the crash identified herein.

15.     As a direct and proximate result of the aforesaid injuries, Plaintiff has been caused to incur medical care and treatment expense, and will be required to incur further expense for additional care and treatment in the future.

16.     As a direct and proximate result of the aforesaid injuries, Plaintiff has lost wages and will continue to lose wages well into the future.

17.     As a direct and proximate result of the aforesaid injuries, Plaintiff is at an increased risk of requiring additional future medical care, which has caused additional mental suffering and worry.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Driver in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, and for any such other and further relief as this Court may deem just and proper.

## COUNT II- NEGLIGENCE PER SE
### Plaintiff v. Driver

18.     Plaintiff realleges and reincorporates paragraphs 1-17 as if fully set forth

herein.

19.     That at all times relevant herein Defendant Driver had a duty to comply

with all Missouri laws regulating the operation of motor vehicles as well as the Federal

Motor Carrier Regulations, including the following:

    a. FMCSR 392.3, which states a driver shall not operate a commercial motor vehicle while fatigued or ill;

    b. FMCSR 396, which requires inspections of the commercial motor vehicle;

    c. Operated the tractor-trailer combination when it was likely to cause an accident in violation of 49 CFR 396.7;

    d. Operated the tractor-trailer combination without the necessary training, knowledge and/or experience so as to make him a danger to others as imposed upon him by 49 CFR 383.110, including safe vehicle operation, poor vision, the effects of fatigue, general health of the commercial motor vehicle, visual search, night operation, vehicle inspections, basic vehicle control, safe operation skills, and pre-trip inspection skills;

    e. Operated the tractor-trailer combination while tired and/or fatigued in violation of 49 CFR 392.3;

    f. Operated the tractor-trailer combination while under the influence of drugs that impaired his driving ability and adversely affected his ability to safely operate a commercial motor vehicle in violation of 49 CFR 382.213;

    g. Operated the tractor-trailer combination in violation of RSMO §304.017 which states:

    "The driver of a vehicle shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway. Vehicles being driven upon any roadway outside of a business or residence district in a caravan or motorcade, whether or not towing

other vehicles, shall be so operated, except in a funeral procession or in a duly authorized parade, so as to allow sufficient space between each such vehicle or combination of vehicles as to enable any other vehicle to overtake or pass such vehicles in safety.";

h.   Operated the tractor-trailer combination in violation of RSMO §304.044.2, which states:

"The driver of any truck or bus, when traveling upon a public highway of  this state outside of a business or residential district, shall not follow within three hundred feet of another such vehicle; provided, the provisions of this section shall not be construed to prevent the overtaking and passing, by any such truck or bus, of another similar vehicle."

20.     That upon information and belief, Defendant Driver was in violation of all of the above referenced statutes and regulations and that said violations caused or contributed to cause Plaintiff's injuries and damages as set forth herein.

21.     That Plaintiff was within the class of persons the above-referenced laws and regulations were intended to protect Plaintiff and the damages suffered by Plaintiff were of the type these laws and regulations were designed to protect against.

22.     That the damages sustained by Plaintiff, referenced above, were proximately caused by Defendant Driver's failure to comply with the above-referenced statutory and regulatory obligations.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Driver in such an amount as is fair and reasonable in excess of $25,000.00, for his costs herein incurred, pre-judgment interest, and for any such other and further relief as this Court may deem just and proper.

<u>**COUNT III- VICARIOUS LIABILITY**</u>
<u>**Plaintiff v. Cooley**</u>

7

23.     Plaintiff incorporates and realleges paragraphs 1-22 as if fully set forth herein.

24.     That at all times relevant herein, Defendant Driver's actions were done within the scope of his employment with Cooley and were done as a means of carrying out the job assigned to him by Cooley.

**WHEREFORE**, Plaintiffs pray for the Court to enter Judgment against Defendant Cooley in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, and for any such other and further relief as this Court may deem just and proper.

## COUNT IV- NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION:
### Plaintiff v. Cooley

25.     Plaintiff reincorporates and realleges paragraphs 1-24 above as if fully set forth herein.

26.     That Cooley owed a duty to Plaintiff to use reasonable care in the hiring, training, supervision and retention of employee Driver in full compliance with the Federal Motor Carrier Regulations.

27.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendant owed the general public, including the Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

    a.     Adequately evaluate performance, including through training and supervision, so as to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he/she injured the public or property;

    b.     Properly screen its applicants;

    c.     Obtain a completed employment application before permitting an

agent, servant, and/or employee drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

d.    Investigate the agents, servants, and/or employees driver's employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c);

e.    Inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins pursuant to 49 C.F.R. § 391.23(a);

f.    Properly certify its driver under 49 C.F.R. § 380.203 for the operation of LCV doubles in compliance with 49 C.F.R. §380.111; and

g.    Properly evaluate a driver's performance for operation of LCV doubles through testing in accordance with 49 C.F.R. §380.109.

28.    Defendant Cooley's duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles.

29.    Defendant Cooley breached its duty to the general public, including the Plaintiff and was thereby negligent and careless in the hiring, training, supervising, and retaining Driver as its agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash in the following respects:

a.    Failed to make a reasonable inquiry as to Driver's competence as a tractor trailer operator;

b.    Selected an incompetent and unfit driver;

c.    Failed to select a competent and fit driver;

d.    Hired and retained an unsafe and unqualified driver;

e.    Hired and retained an inadequately trained and incompetent driver;

f.      Allowed Driver to operate a defective trailer;

g.      Allowed Driver to operate an unsafe trailer;

h.      Entrusted the tractor and trailers to an incompetent driver;

i.      Entrusted its tractor and trailers to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

j.      Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, Section 395;

k.      Defendant failed to properly train Driver in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of the tractor and trailer involved in this crash;

l.      Failed to adequately evaluate Driver's performance through training and supervision, and failure to discharge Driver before he injured Plaintiff;

m.      Failed to properly screen Driver as a qualified driver;

n.      Failed to obtain a completed employment application before permitting Driver to drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

o.      Failed to investigate Driver's employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c);

p.      Failed to inquire into Driver's driving record within 30 days after his employment began pursuant to 49 C.F.R. § 391.23(a);

q.      Defendant failed to properly instruct and train Driver how to properly and safely operate the tractor and trailer involved in this crash, in particular LCV doubles in accordance with 49 CFR §380.203, §380.111 and 380.109;

r.      Defendant failed to provide safety courses to its agents, servants, and employees on how to safely operate the tractor and trailer involved in this crash;

s.      At the time of this crash, Defendant failed to have in place a system to keep track of the on-duty status or otherwise audit the

on-duty status records of Driver and its other employees that operate its vehicles in interstate commerce to insure that they did not violate the limitations of the "Hours of Service Limitations" set forth in 49 C. F.R., Part 395;

t.  Failing to verify and audit Driver's driving logs to ensure compliance with the hours of service limitations set forth under 49 C.F.R., Part 395;

u.  Permitting and/or failing to prevent Driver from operating motor vehicles for periods in excess of industry standards for maximum hours of service;

v.  Requiring, permitting, and/or failing to prevent Driver from operating the tractor and trailer when he was so impaired, or likely to become impaired, through fatigue, as to make it unsafe for him to begin or continue to operate their vehicles; and

w.  Failed to require Driver to advise the dispatcher of his current duty status so as to prevent him from being dispatched when, due to likely fatigue, it was unsafe to do so.

30.  As a direct and proximate cause of Cooley's above-stated negligence, Plaintiff sustained damages as more fully stated above.

31.  The actions and omissions of Defendant Cooley relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff, as evidenced by prior citations and out of service orders, including findings by the United States Department of Transportation that Defendant falsified drivers' record of duty status.

32.  Cooley's willful, wanton, reckless and intentional behavior, and for Defendant's complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants and to deter others from similar conduct.

**WHEREFORE**, Plaintiffs prays for the Court to enter Judgment against Defendant Cooley in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

**COUNT V- NEGLIGENT ENTRUSTMENT**
**Plaintiff v. Cooley**

33.     Plaintiff realleges and reincorporates paragraphs 1-32 as if fully set forth herein.

34.     That upon information and belief, Cooley entrusted the tractor-trailer combination to Defendant Driver.

35.     That Cooley was careless and negligent in entrusting the tractor-trailer to Driver, an incompetent operator.

36.     Cooley knew or by the exercise or reasonable care should have known Driver was incompetent to operate said tractor-trailer combination.

37.     That the actions of Driver described herein concurred with the negligence of Cooley's entrustment to cause the harms herein described to Plaintiff.

**WHEREFORE**, Plaintiff prays for this Court to enter Judgment against Defendant Cooley in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, punitive damages as well as any such other and further relief as this Court may deem just and proper.

**COUNT VI- VICARIOUS LIABILITY**
**Plaintiff v. Convoy**

38.     Plaintiff incorporates and realleges paragraphs 1-37 as if fully set forth herein.

39.     That at all times relevant herein, Defendant Driver's actions were done within the scope of his employment with Convoy and were done as a means of carrying out the job assigned to him by Convoy.

**WHEREFORE**, Plaintiffs pray for the Court to enter Judgment against Defendant Convoy in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, and for any such other and further relief as this Court may deem just and proper.

### COUNT VII- NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION:
### Plaintiff v. Convoy

40.     Plaintiff reincorporates and realleges paragraphs 1-39 above as if fully set forth herein.

41.     That Convoy owed a duty to Plaintiff to use reasonable care in the hiring, training, supervision and retention of employee Driver in full compliance with the Federal Motor Carrier Regulations.

42.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendant owed the general public, including the Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

a.     Adequately evaluate performance, including through training and supervision, so as to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he/she injured the public or property;

b.     Properly screen its applicants;

c.     Obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

d.     Investigate the agents, servants, and/or employees driver's

employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c);

e.      Inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins pursuant to 49 C.F.R. § 391.23(a);

f.      Properly certify its driver under 49 C.F.R. § 380.203 for the operation of LCV doubles in compliance with 49 C.F.R. §380.111; and

g.      Properly evaluate a driver's performance for operation of LCV doubles through testing in accordance with 49 C.F.R. §380.109.

43.     Defendant Convoy's duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles.

44.     Defendant Convoy breached its duty to the general public, including the Plaintiff and was thereby negligent and careless in the hiring, training, supervising, and retaining Driver as its agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash in the following respects:

a.      Failed to make a reasonable inquiry as to Driver's competence as a tractor trailer operator;

b.      Selected an incompetent and unfit driver;

c.      Failed to select a competent and fit driver;

d.      Hired and retained an unsafe and unqualified driver;

e.      Hired and retained an inadequately trained and incompetent driver;

f.      Allowed Driver to operate a defective trailer;

g.      Allowed Driver to operate an unsafe trailer;

h.  Entrusted the tractor and trailers to an incompetent driver;

i.  Entrusted its tractor and trailers to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

j.  Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, Section 395;

k.  Defendant failed to properly train Driver in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of the tractor and trailer involved in this crash;

l.  Failed to adequately evaluate Driver's performance through training and supervision, and failure to discharge Driver before he injured Plaintiff;

m.  Failed to properly screen Driver as a qualified driver;

n.  Failed to obtain a completed employment application before permitting Driver to drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

o.  Failed to investigate Driver's employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c);

p.  Failed to inquire into Driver's driving record within 30 days after his employment began pursuant to 49 C.F.R. § 391.23(a);

q.  Defendant failed to properly instruct and train Driver how to properly and safely operate the tractor and trailer involved in this crash, in particular LCV doubles in accordance with 49 CFR §380.203, §380.111 and 380.109;

r.  Defendant failed to provide safety courses to its agents, servants, and employees on how to safely operate the tractor and trailer involved in this crash;

s.  At the time of this crash, Defendant failed to have in place a system to keep track of the on-duty status or otherwise audit the on-duty status records of Driver and its other employees that operate its vehicles in interstate commerce to insure that they did not violate the limitations of the "Hours of Service Limitations" set forth in 49 C. F.R., Part 395;

15

t.    Failing to verify and audit Driver's driving logs to ensure compliance with the hours of service limitations set forth under 49 C.F.R., Part 395;

u.    Permitting and/or failing to prevent Driver from operating motor vehicles for periods in excess of industry standards for maximum hours of service;

v.    Requiring, permitting, and/or failing to prevent Driver from operating the tractor and trailer when he was so impaired, or likely to become impaired, through fatigue, as to make it unsafe for him to begin or continue to operate their vehicles; and

w.    Failed to require Driver to advise the dispatcher of his current duty status so as to prevent him from being dispatched when, due to likely fatigue, it was unsafe to do so.

45.    As a direct and proximate cause of Convoy's above-stated negligence, Plaintiff sustained damages as more fully stated above.

46.    The actions and omissions of Defendant Convoy relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff, as evidenced by prior citations and out of service orders, including findings by the United States Department of Transportation that Defendant falsified drivers' record of duty status.

47.    Convoy's willful, wanton, reckless and intentional behavior, and for Defendant's complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants and to deter others from similar conduct.

**WHEREFORE**, Plaintiffs prays for the Court to enter Judgment against Defendant Convoy in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

## COUNT VIII- NEGLIGENT ENTRUSTMENT
### Plaintiff v. Convoy

48.     Plaintiff realleges and reincorporates paragraphs 1-47 as if fully set forth herein.

49.     That upon information and belief, Convoy entrusted the tractor-trailer combination to Defendant Driver.

50.     That Convoy was careless and negligent in entrusting the tractor-trailer to Driver, an incompetent operator.

51.     Convoy knew or by the exercise or reasonable care should have known Driver was incompetent to operate said tractor-trailer combination.

52.     That the actions of Driver described herein concurred with the negligence of Convoy's entrustment to cause the harms herein described to Plaintiff.

**WHEREFORE**, Plaintiff prays for this Court to enter Judgment against Defendant Convoy in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, punitive damages as well as any such other and further relief as this Court may deem just and proper.

## COUNT IX- VICARIOUS LIABILITY
### Plaintiff v. AB

53.     Plaintiff incorporates and realleges paragraphs 1-52 as if fully set forth herein.

54.     That at all times relevant herein, Defendant Driver's actions were done within the scope of his employment with AB and were done as a means of carrying out the job assigned to him by AB.

**WHEREFORE**, Plaintiffs pray for the Court to enter Judgment against Defendant AB in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, and for any such other and further relief as this Court may deem just and proper.

## COUNT X- NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION:
### Plaintiff v. AB

55.     Plaintiff reincorporates and realleges paragraphs 1-54 above as if fully set forth herein.

56.     That AB owed a duty to Plaintiff to use reasonable care in the hiring, training, supervision and retention of employee Driver in full compliance with the Federal Motor Carrier Regulations.

57.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendant owed the general public, including the Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

      a.     Adequately evaluate performance, including through training and supervision, so as to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he/she injured the public or property;

      b.     Properly screen its applicants;

      c.     Obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

      d.     Investigate the agents, servants, and/or employees driver's

employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c);

e.    Inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins pursuant to 49 C.F.R. § 391.23(a);

f.    Properly certify its driver under 49 C.F.R. § 380.203 for the operation of LCV doubles in compliance with 49 C.F.R. §380.111; and

g.    Properly evaluate a driver's performance for operation of LCV doubles through testing in accordance with 49 C.F.R. §380.109.

58.    Defendant AB's duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles.

59.    Defendant AB breached its duty to the general public, including the Plaintiff and was thereby negligent and careless in the hiring, training, supervising, and retaining Driver as its agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash in the following respects:

a.    Failed to make a reasonable inquiry as to Driver's competence as a tractor trailer operator;

b.    Selected an incompetent and unfit driver;

c.    Failed to select a competent and fit driver;

d.    Hired and retained an unsafe and unqualified driver;

e.    Hired and retained an inadequately trained and incompetent driver;

f.    Allowed Driver to operate a defective trailer;

g.    Allowed Driver to operate an unsafe trailer;

h.      Entrusted the tractor and trailers to an incompetent driver;

i.      Entrusted its tractor and trailers to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

j.      Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, Section 395;

k.      Defendant failed to properly train Driver in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of the tractor and trailer involved in this crash;

l.      Failed to adequately evaluate Driver's performance through training and supervision, and failure to discharge Driver before he injured Plaintiff;

m.      Failed to properly screen Driver as a qualified driver;

n.      Failed to obtain a completed employment application before permitting Driver to drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

o.      Failed to investigate Driver's employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c);

p.      Failed to inquire into Driver's driving record within 30 days after his employment began pursuant to 49 C.F.R. § 391.23(a);

q.      Defendant failed to properly instruct and train Driver how to properly and safely operate the tractor and trailer involved in this crash, in particular LCV doubles in accordance with 49 CFR §380.203, §380.111 and 380.109;

r.      Defendant failed to provide safety courses to its agents, servants, and employees on how to safely operate the tractor and trailer involved in this crash;

s.      At the time of this crash, Defendant failed to have in place a system to keep track of the on-duty status or otherwise audit the on-duty status records of Driver and its other employees that operate its vehicles in interstate commerce to insure that they did not violate the limitations of the "Hours of Service Limitations" set forth in 49 C. F.R., Part 395;

    t.      Failing to verify and audit Driver's driving logs to ensure compliance with the hours of service limitations set forth under 49 C.F.R., Part 395;

    u.      Permitting and/or failing to prevent Driver from operating motor vehicles for periods in excess of industry standards for maximum hours of service;

    v.      Requiring, permitting, and/or failing to prevent Driver from operating the tractor and trailer when he was so impaired, or likely to become impaired, through fatigue, as to make it unsafe for him to begin or continue to operate their vehicles; and

    w.      Failed to require Driver to advise the dispatcher of his current duty status so as to prevent him from being dispatched when, due to likely fatigue, it was unsafe to do so.

60.    As a direct and proximate cause of Cooley's above-stated negligence, Plaintiff sustained damages as more fully stated above.

61.    The actions and omissions of Defendant AB relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff, as evidenced by prior citations and out of service orders, including findings by the United States Department of Transportation that Defendant falsified drivers' record of duty status.

62.    AB's willful, wanton, reckless and intentional behavior, and for Defendant's complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants and to deter others from similar conduct.

**WHEREFORE**, Plaintiffs prays for the Court to enter Judgment against Defendant AB in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

## COUNT XI- NEGLIGENT ENTRUSTMENT
### Plaintiff v. AB

63.     Plaintiff realleges and reincorporates paragraphs 1-62 as if fully set forth herein.

64.     That upon information and belief, AB entrusted the tractor-trailer combination to Defendant Driver.

65.     That AB was careless and negligent in entrusting the tractor-trailer to Driver, an incompetent operator.

66.     AB knew or by the exercise or reasonable care should have known Driver was incompetent to operate said tractor-trailer combination.

67.     That the actions of Driver described herein concurred with the negligence of AB's entrustment to cause the harms herein described to Plaintiff.

**WHEREFORE**, Plaintiff prays for this Court to enter Judgment against Defendant AB in such an amount as is fair and reasonable in excess of $25,000.00, for their costs herein incurred, pre-judgment interest, punitive damages as well as any such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: _____
     **Patrick Hinrichs, #62953**
     Attorney for Plaintiff
     The Bradley Law Firm
     1424 Washington Avenue, Ste 300
     St. Louis, MO 63103
     (314) 721-9111 (phone)
     (314) 255-2765 (fax)
     Patrick@thebradleylawfirm.com