IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

TERRY BELL

       Plaintiff,

v.

COOLEY TRANSPORT, LLC, et al.,

       Defendants.

Case No. 4:19-CV-02898-SNLJ

### DEFENDANT CONVOY, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

Defendant Convoy, Inc. ("Defendant"), which is improperly named in this action as "Convoy Load," by the undersigned counsel, hereby answers Plaintiff's First Amended Petition ("Petition") as follows:

### GENERAL ALLEGATIONS

1. Defendant is without sufficient knowledge and information regarding the averments in Paragraph 1 of Plaintiff's Petition and therefore denies them.

2. Defendant is without sufficient knowledge and information regarding the averments in Paragraph 2 of Plaintiff's Petition and therefore denies them.

3. Defendant is without sufficient knowledge and information regarding the averments in Paragraph 3 of Plaintiff's Petition and therefore denies them.

4. Defendant admits the averments in Paragraph 4 of Plaintiff's Petition.

5. Defendant is without sufficient knowledge and information regarding the averments in Paragraph 5 of Plaintiff's Petition and therefore denies them.

6. Defendant denies that it is subject to service as a nonresident motorist pursuant to Missouri Supreme Court Rule 54.08. Defendant is without sufficient knowledge and information regarding the remaining averments in Paragraph 6 of Plaintiff's Petition and therefore denies them.

7. Defendant denies that Gary Davis was its employee, or acting within the course of scope of his employment with Defendant on April 28, 2018. Defendant is without sufficient knowledge and information regarding the remaining averments in Paragraph 7 of Plaintiff's Petition and therefore denies them.

8. Defendant is without sufficient knowledge and information regarding the averments in Paragraph 8 of Plaintiff's Petition and therefore denies them.

9. Paragraph 9 of Plaintiff's Petition merely states a legal conclusion for which no response is required on behalf of Defendant. To the extent a response is required, Defendant denies the averments in Paragraph 9 of Plaintiff's Petition.

10. Paragraph 10 of Plaintiff's Petition merely states a legal conclusion for which no response is required on behalf of Defendant. To the extent a response is required, Defendant denies the averments in Paragraph 10 of Plaintiff's Petition.

### COUNT I – NEGLIGENCE
### Plaintiff v. Driver

11-17. The averments in Paragraphs 11-17 of Plaintiff's Petition, including all subparts and the Wherefore clause at the end of Count I, contain no reference to or claims against Defendant, and therefore no response is required on behalf of Defendant to Paragraphs 11-17 of Plaintiff's Petition. To the extent a response is required, Defendant is without sufficient knowledge and information

regarding the averments in Paragraph 11-17, including all subparts and the Wherefore clause at the end of Count I of Plaintiff's Petition, and therefore denies them.

## COUNT II – NEGLIGENCE PER SE
### Plaintiff v. Driver

18-22. The averments in Paragraphs 18-22 of Plaintiff's Petition, including all subparts and the Wherefore clause at the end of Count II, contain no reference to or claims against Defendant, and therefore no response is required on behalf of Defendant to Paragraphs 18-22 of Plaintiff's Petition. To the extent a response is required, Defendant is without sufficient knowledge and information regarding the averments in Paragraph 18-22, including all subparts and the Wherefore clause at the end of Count II of Plaintiff's Petition, and therefore denies them.

## COUNT III – VICARIOUS LIABILITY
### Plaintiff v. Cooley

23-24. The averments in Paragraphs 23-24 of Plaintiff's Petition, including the Wherefore clause at the end of Count III, contain no reference to or claims against Defendant, and therefore no response is required on behalf of Defendant to Paragraphs 23-24 of Plaintiff's Petition. To the extent a response is required, Defendant is without sufficient knowledge and information regarding the averments in Paragraph 23-24, including the Wherefore clause at the end of Count III of Plaintiff's Petition, and therefore denies them.

## COUNT IV – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION
### Plaintiff v. Cooley

25-32. The averments in Paragraphs 25-32 of Plaintiff's Petition, including all subparts and the Wherefore clause at the end of Count IV, contain no reference to or claims against Defendant, and therefore no response is required on behalf of Defendant to Paragraphs 25-32 of Plaintiff's

Petition. To the extent a response is required, Defendant is without sufficient knowledge and information regarding the averments in Paragraph 25-32, including all subparts and the Wherefore clause at the end of Count IV of Plaintiff's Petition, and therefore denies them.

### COUNT V – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Cooley

33-37.   The averments in Paragraphs 33-37 of Plaintiff's Petition, including all subparts and the Wherefore clause at the end of Count V, contain no reference to or claims against Defendant, and therefore no response is required on behalf of Defendant to Paragraphs 33-37 of Plaintiff's Petition. To the extent a response is required, Defendant is without sufficient knowledge and information regarding the averments in Paragraph 33-37, including all subparts and the Wherefore clause at the end of Count V of Plaintiff's Petition, and therefore denies them.

### COUNT VI – VICARIOUS LIABILITY
### Plaintiff v. Convoy

38.   Defendant restates and incorporates by reference its responses contained in Paragraphs 1-37 above, as if fully set forth herein.

39.   Defendant denies that Gary Davis was its employee, or acting within the course of scope of his employment with Defendant. Defendant is without sufficient knowledge and information regarding the remaining averments in Paragraph 39 of Plaintiff's Petition and therefore denies them.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought in the Wherefore clause following Count VI of his Petition. Defendant prays that it be dismissed from this action, awarded its costs and fees incurred, and any other relief the Court deems just and proper.

## COUNT VII – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION
### Plaintiff v. Convoy

40. Defendant restates and incorporates by reference its responses contained in Paragraphs 1-39 above, as if fully set forth herein.

41. Paragraph 41 of Plaintiff's Petition merely states a legal conclusion for which no response is required on behalf of Defendant. To the extent a response is required, Defendant denies the averments in Paragraph 41 of Plaintiff's Petition.

42. Paragraph 42 of Plaintiff's Petition merely states a legal conclusion for which no response is required on behalf of Defendant. To the extent a response is required, Defendant denies the averments in Paragraph 42 of Plaintiff's Petition.

   a-g. Subparts a-g to Paragraph 42 of Plaintiff's Petition merely attempt to characterize, restate, and/or apply specific statutes and/or regulations, which statutes and/or regulations speak for themselves, and therefore no response is required on behalf of Defendant to subparts a-g to Paragraph 42 of Plaintiff's Petition.

43. Paragraph 43 of Plaintiff's Petition merely states a legal conclusion for which no response is required on behalf of Defendant. To the extent a response is required, Defendant denies the averments in Paragraph 43 of Plaintiff's Petition.

44. Defendant denies that it was negligent or careless in any way. Defendant further denies the averments in Paragraph 44 of Plaintiff's Petition, including all subparts a-w.

45. Defendant denies that it was negligent in any way. Defendant is without sufficient knowledge and information regarding the remaining averments in Paragraph 45 of Plaintiff's Petition and therefore denies them.

46. Defendant denies the averments in Paragraph 46 of Plaintiff's Petition.

47. Defendant denies the averments in Paragraph 47 of Plaintiff's Petition.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought in the Wherefore clause following Count VII of his Petition.  Defendant prays that it be dismissed from this action, awarded its costs and fees incurred, and any other relief the Court deems just and proper.

## COUNT VIII – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Convoy

48. Defendant restates and incorporates by reference its responses contained in Paragraphs 1-47 above, as if fully set forth herein.

49. Defendant denies the averments in Paragraph 49 of Plaintiff's Petition.

50. Defendant denies that it was careless or negligent in any way.  Defendant further denies the remaining averments in Paragraph 50 of Plaintiff's Petition.

51. Defendant denies the averments in Paragraph 51 of Plaintiff's Petition.

52. Defendant denies that it was negligent in any way.  Defendant is without sufficient knowledge and information regarding the remaining averments in Paragraph 52 of Plaintiff's Petition and therefore denies them.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought in the Wherefore clause following Count VIII of his Petition.  Defendant prays that it be dismissed from this action, awarded its costs and fees incurred, and any other relief the Court deems just and proper.

## COUNT IX – VICARIOUS LIABILITY
### Plaintiff v. AB

53-54. The averments in Paragraphs 53-54 of Plaintiff's Petition, including the Wherefore clause at the end of Count IX, contain no reference to or claims against Defendant, and therefore no

response is required on behalf of Defendant to Paragraphs 53-54 of Plaintiff's Petition. To the extent a response is required, Defendant is without sufficient knowledge and information regarding the averments in Paragraph 53-54, including the Wherefore clause at the end of Count IX of Plaintiff's Petition, and therefore denies them.

### COUNT X – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION
### Plaintiff v. AB

55-62.  The averments in Paragraphs 55-62 of Plaintiff's Petition, including all subparts and the Wherefore clause at the end of Count X, contain no reference to or claims against Defendant, and therefore no response is required on behalf of Defendant to Paragraphs 55-62 of Plaintiff's Petition. To the extent a response is required, Defendant is without sufficient knowledge and information regarding the averments in Paragraph 55-62, including all subparts and the Wherefore clause at the end of Count X of Plaintiff's Petition, and therefore denies them.

### COUNT XI – NEGLIGENT ENTRUSTMENT
### Plaintiff v. AB

63-67.  The averments in Paragraphs 63-67 of Plaintiff's Petition, including the Wherefore clause at the end of Count XI, contain no reference to or claims against Defendant, and therefore no response is required on behalf of Defendant to Paragraphs 63-67 of Plaintiff's Petition. To the extent a response is required, Defendant is without sufficient knowledge and information regarding the averments in Paragraph 63-67, including the Wherefore clause at the end of Count XI of Plaintiff's Petition, and therefore denies them.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant denies that Plaintiff is entitled to any of the relief sought against Defendant. Defendant prays that it be dismissed from this action, awarded its costs and fees incurred, and any other relief the Court deems just and proper.

**DEFENSES, AFFIRMATIVE DEFENSES, AND STATEMENTS**

1.     Defendant denies any and all of Plaintiff's allegations not specifically admitted herein.

2.     Plaintiff's Petition fails to state a claim, in whole or in part, upon which relief may be granted against Defendant.

3.     Defendant denies that an employer-employee relationship existed between it and Defendant Gary Davis at any time relevant to Plaintiff's claims.

4.     To the extent Plaintiff attempts to assert any claims under the Federal Motor Carrier Safety Act (MCA) and the regulations implementing the act, the Federal Motor Carrier Safety Regulations (FMCSR), any such claims should be dismissed because neither the MCA nor the FMCSR authorize a private cause of action for personal injury.

5.     Defendant is not a "motor carrier" as that term is defined by 49 C.F.R. § 390.5, and cannot be held liable for Plaintiff's claims against it.

6.     Plaintiff has not (and cannot) set forth sufficient facts to prove (and cannot prove) essential elements of his claims for negligence or vicarious liability against Defendant, including but not limited to duty, breach, causation, and damages.

7.     Plaintiff has not (and cannot) set forth sufficient facts to prove (and cannot prove) essential elements of his claims for negligent hiring, training, supervision, or retention against Defendant, including but not limited to dangerous proclivities on the part of Defendant Gary Davis, and Defendant's knowledge of them; and a causal nexus between that and Plaintiff's alleged injuries. Accordingly, Count VII of Plaintiff's Petition must fail, along with Plaintiff's claims for punitive damages under Count VII.

8. Plaintiff has not (and cannot) set forth sufficient facts to prove (and cannot prove) essential elements of his claims for negligent entrustment against Defendant, including but not limited to incompetence, inexperience, or habitual recklessness of Defendant Gary Davis; and Defendant's knowledge thereof.  Accordingly, Count VIII of Plaintiff's Petition must fail, along with Plaintiff's claims for punitive damages under Count VIII.

9. Defendant denies that it is liable to Plaintiff.  In the event Defendant is subsequently determined to be liable to Plaintiff, Defendant asserts that it is entitled to a reduction of damages for any settlement between Plaintiff and any other defendant, named or unnamed, or any other potentially responsible party pursuant to R.S.Mo. § 537.060.

10. Plaintiff's alleged damages, to the extent any exist, were caused in whole or in part by sources outside of Defendant's control, including but not limited to Plaintiff's own actions in careless, inattentive, and/or reckless operation of his motor vehicle, failure to maintain a proper lookout for other traffic, failure to yield right-of-way to other traffic, speeding, driving too fast for the conditions and/or the road.  Accordingly, any such damages should be completely denied or apportioned according to the evidence.

11. Defendant denies that it is liable to Plaintiff.  In the event Defendant is subsequently determined to be liable to Plaintiff, Defendant is entitled to apply R.S.Mo. § 490.715 in determining the value of any medical treatment rendered to Plaintiff, and assert that value to be the actual amount paid for Plaintiff's medical treatment.

12. Plaintiff's alleged damages, to the extent any exist, are speculative and uncertain and therefore not compensable.

13. Plaintiff failed to mitigate any damages, the extent and nature of which are expressly denied, and any recovery to Plaintiff should be diminished in proportion to the amount of loss which Plaintiff could have prevented by using ordinary care or diligence.

14. If Plaintiff sustained any injury or damage, which Defendant specifically denies, the same was caused or contributed to be caused by intervening acts, superseding acts and/or the subsequent conduct or fault of Plaintiff and/or other persons or entities, over which Defendant neither had control nor the right of control, therefore Plaintiff's claims against Defendant are barred or reduced by the fault of the persons other than this Defendant.

15. Plaintiff's claims are barred or should be reduced pursuant to the principles of comparative fault, and the negligence and fault of Plaintiff and other parties, known and unknown must be compared at trial.

16. Pursuant to R.S.Mo. § 303.390, Plaintiff waived his right to recover any amount for non-economic damages against Defendant because he was an uninsured motorist at the time of the accident identified in his Petition. Accordingly, any recovery to Plaintiff should be reduced by an amount equal to the amount representing compensation for non-economic damages in accordance with R.S.Mo. § 303.390(1).

17. Plaintiff's alleged damages, to the extent any exist, are not of the nature or to the extent alleged.

18. Defendant reserves the right to assert additional defenses and/or facts supporting its defenses, as any such defenses and/or facts become known during discovery, via motion or amended pleadings.

## DEMAND FOR JURY TRIAL

Defendant hereby respectfully requests a jury trial on all matters so triable.

/s/ Alan L. Rupe
Alan L. Rupe, MO #56013
Jeffrey A. Harris, Jr., MO #68924
Andrew J. Tremonti, MO #72171
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:    (316) 609-7900
Facsimile:     (316) 462-5746
alan.rupe@lewisbrisbois.com
jeff.harris@lewisbrisbois.com
andrew.tremonti@lewisbrisbois.com

*Attorneys for Defendant Convoy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, a true and correct copy of the foregoing Defendant's Answer to Plaintiff's First Amended Petition was filed using the Court's electronic filing system which will send notice to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe